UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JOSEPH W. SHEPARD,<br>　　Plaintiff,<br><br>　　v.<br><br>RHODE ISLAND DEPARTMENT OF<br>CORRECTIONS; GLENN TUCKER,<br>*in his official and individual capacity*;<br>UNNAMED MEDICAL STAFF;<br>KIMBERLY KANE, *in her official and*<br>*individual capacity*; and CAROLYN<br>TARABORELLI-BAXTER, *in her*<br>*official and individual capacity*,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 25-cv-361-JJM-PAS |

## ORDER

Joseph W. Shepard is incarcerated with the Rhode Island Department of Corrections ("RIDOC") at the Adult Corrections Institute.  He has filed an Emergency Motion for Injunctive Relief looking for an "emergency injunction ordering Defendants to immediately process and conduct a Medical Parole Examination; compelling Defendants to facilitate Plaintiffs access to medically necessary surgery and specialist care as prescribed by Rhode Island Hospital ("RIH"); and prohibiting further obstruction of prescribed medical treatments."  ECF No. 13.  He has filed medical records in support.

Under Fed. R. Civ. P. 65, the Court can issue an injunction when a plaintiff has shown:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant

impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest."

*Brox v. Woods Hole*, No. 24-1063, 2026 WL 73794, at *3 (1st Cir. Jan. 9, 2026) (quoting *Charlesbank Equity Fund II, LP v. Blinds to Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004) (quoting *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996))).

An analysis of the papers filed shows that Mr. Shephard has failed in his burden of proof on several of these factors. The Court will address the irreparable harm first because that is dispositive.[1]

The United States Supreme Court has "frequently reiterated . . . plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The First Circuit has deemed this burden "substantial." *Ross-Simons of Warwick*, 102 F.3d at 18 ("The burden is substantial . . ."). "[I]rreparable harm can consist of 'a substantial injury that is not accurately measurable or adequately compensable by money damages.'" *Id.* at 19. "[D]istrict courts have broad discretion to evaluate the irreparability of alleged harm." *Doe ex rel. Doe v. Portland Pub. Schs.*, 701 F. Supp. 3d 18, 38 (D. Me. 2023) (quoting *K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 915 (1st Cir. 1989)).

The evidence presented by Mr. Shepard shows that RIDOC sent him to Rhode Island Hospital for severe constipation. *See generally* ECF No. 13-5. After a 14-day-

---

[1] The other deficient factor would be the likelihood of success.

stay at the hospital, they discharged him.  His discharge notes state that he may need "possible surgery in the future," further testing to "help them plan for a surgery in the future," and outpatient follow up with his medical team.  ECF No. 13-5 at 3.  It added that: "We strongly recommend that Joseph [Shepard] be able to do as much physical activity as possible during the day) and take as much miralax as needed (sometimes up to 1 bottle a day) in order to have a bowel movement.  We recommend that he be considered for an MPE (Medical Parole Evaluation) to allow him to get any necessary surgical interventions."  *Id.*

> Mr. Shepard fails in his proof of showing irreparable harm because:
>
> [I]t is clear that the treatment team at Rhode Island Hospital determined that [Mr. Shepard] is medically stable, that surgery may be considered at some point in the future, that there is no urgency for [him] to undergo surgery, and that surgery could wait until [he] was released from his incarceration.  Since there is no pressing need for surgical or other intervention, and since [Mr. Shepard] may remain in his current state without risk of harm, he necessarily cannot prove that he will suffer irreparable harm absent a preliminary injunction.

ECF No. 17 at 5.  The records show that the RIH doctors recommended increased activity and miralax, and that the state consider him for a medical parole evaluation.  The records do not establish that he will suffer irreparable harm if the state determines that he is not eligible for a medical parole.  Mr. Shepard's eligibility for "medical parole" is questionable given his "stable" condition and treatments.  *See* R.I. Gen. Laws § 13-8.1-4(a) (requiring that the Parole Board find someone  to be "terminally ill, severely ill, or permanently physically or cognitively incapacitated" in order to grant medical parole release).  The record does not support this Court issuing an injunction for Mr. Shepard's requested relief.

Because Mr. Shepard has not shown irreparable harm or a likelihood of success, the Court DENIES his Emergency Motion for Injunctive Relief.  ECF No. 13.


IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

January 28, 2026